**PETERSON TRACTOR COMPANY,
Plaintiff—Appellant,**

v.

**THE TRAVELERS INDEMNITY
COMPANY OF ILLINOIS; et
al., Defendants—Appellees.**

---

*** The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

**Peterson Tractor Company,**
**Plaintiff—Appellee,**

v.

**The Travelers Indemnity Company of Illinois; et al., Defendants—Appellants.**

**Nos. 04–15541, 04–15583.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 17, 2005.

Decided Nov. 23, 2005.

Bruce D. MacLeod, Esq., Bradley A. Bening, Esq., Willoughby, Stuart & Bening, San Jose, CA, for Plaintiff—Appellant/Plaintiff—Appellee.

William C. Morison–Knox, Esq., Thomas Holden, Esq., Morison–Knox, Holden, Melendez & Prough, LLP, Walnut Creek, CA, for Defendants—Appellees/Defendants—Appellants.

Before: O'SCANNLAIN, THOMAS, and TALLMAN, Circuit Judges.

MEMORANDUM *

Both Peterson Tractor Company ("Peterson") and Travelers Indemnity Company of Illinois ("Travelers") appeal the judgment of the district court. We affirm in part and reverse in part.

I

■ The district court correctly held that Travelers had a duty to defend Peterson against an action brought against it by Kelly Tractor Company ("Kelly"). Kelly's claims against Peterson clearly stated an advertising injury triggering Travelers' duty to defend under California law. Kelly alleged that Peterson used the trademarks of Industria Meccanica Trivelle, to which Kelly had an exclusive license in the western hemisphere, without authorization. This claim stated an advertising injury, either as a misappropriation of Kelly's advertising ideas, *Lebas Fashion Imports of USA, Inc. v. ITT Hartford Ins. Group,* 50 Cal.App.4th 548, 59 Cal.Rptr.2d 36 (1996), *as amended* 50 Cal.App. 4th 1949A, or as an infringement of title, *Maxconn Inc. v. Truck Ins. Exchange,* 74 Cal.App.4th 1267, 88 Cal.Rptr.2d 750, 751 (1999). Because Kelly's complaint stated an injury potentially covered by Peterson's insurance contract, Travelers breached its duty to defend when it refused to defend Peterson. *Gray v. Zurich Ins. Co.,* 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, 175 (1966).

■ Where an insurer wrongfully "refuse[s] to defend an action against its insured ... the insurer is liable for the total

amount of the fees" unless the insurer produces "undeniable evidence" that it is not liable for all of the attorney's fees. *Hogan v. Midland Nat'l Ins. Co.,* 3 Cal.3d 553, 91 Cal.Rptr. 153, 476 P.2d 825, 831 (1970). The district court properly held Travelers liable for the entire $81,886.57 because it has not produced "undeniable evidence" that it is not responsible.

II

■ The district court also properly confined Peterson's breach of contract damages to expenses incurred in defending the suit. When an insurer breaches its duty to defend, the insured may recover as contract damages the funds it expended defending itself, and also any damages that proximately resulted from the insurer's breach of the insurance contract. *Amato v. Mercury Cas. Co.,* 53 Cal.App.4th 825, 61 Cal.Rptr.2d 909, 912–13 (1997). It does not follow that but for Travelers' failure to defend the case, Peterson would have received a more favorable settlement. The fact that Peterson may have saved Travelers litigation expenses by settling does not transform Peterson's claim for indemnity into a claim for contract damages. *Downey Venture v. LMI Ins. Co.,* 66 Cal. App.4th 478, 78 Cal.Rptr.2d 142, 166 (1998). Thus, the district court correctly held that Peterson was not entitled to recover its settlement payment on the basis of a consequential damage theory.

III

■ The district court erred when it placed the burden of proof on Peterson, and not Travelers, to allocate the settlement with Kelly between covered and uncovered claims. An insurer must indemnify the insured against judgments based on

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**24**

claims covered by the insurance policy. *Buss v. Superior Court*, 16 Cal.4th 35, 65 Cal.Rptr.2d 366, 939 P.2d 766, 773 (1997). In a mixed cause of action, where it is unclear whether a judgment was based on covered or uncovered claims, the insurer is liable for the entire judgment. *Gray*, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168. Similarly, when an insurer breaches its duty to defend and the insured proves that at least one claim in a mixed cause of action is covered, the insured does not have to allocate between claims. Rather, the insurer *"can* still present any defenses not inconsistent with the judgment against the insured." *Hogan*, 91 Cal.Rptr. 153, 476 P.2d at 832 (emphasis added).

*Hogan* did not resolve the question of whether its holding applied with equal force to settlements, nor has any subsequent California Supreme Court case. When we sit in diversity on a case raising a state law issue of first impression, we must use our best judgment to predict how the highest state court would resolve the issue. *Burlington Ins. Co. v. Oceanic Design & Const., Inc.*, 383 F.3d 940, 944 (9th Cir.2004). We believe that the California Supreme Court would apply the logic of *Gray* and *Hogan* to settlements, and not confine it to judgments. *Hogan* noted that it would "cast an impossible burden" on the insured to be required "to show the extent of the loss caused by the insurer's breach." *Hogan*, 91 Cal.Rptr. 153, 476 P.2d at 833. On the other hand, *Hogan* also noted that an insurer was entitled to assert a defense that some or all of the judgment might not be covered by the policy. *Id.* at 832. The import of these statements is that the burden rests on the insured initially to show that at least a portion of the settlement involved compensation for damages attributable to claims that were covered by the insurance policy. Once the insured has satisfied that burden, the burden of proof shifts to the insurer to show what portion of the settlement is attributable to covered claims. Because the district court placed the burden of allocation on the insured, rather than the insurer, we must reverse its judgment in part, and remand for a re-allocation of the settlement. Costs are awarded to Peterson Tractor Company.

AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.